IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | |
|---|---|
| SERGIO OMAR FLORES, | ) |
| Movant, | ) CASE NO. 2:10-CR-039-J(01) |
| vs. | ) MEMORANDUM IN SUPPORT OF |
| | ) 2255 MOTION |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

COMES NOW Movant Sergio Omar Flores, hereinafter, (Flores), in way of **pro-se**, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed 2d 652 (1972), when reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as pollible. "[A] pro-se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed 2d 1081 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed 2d 251 (1976)); Bledsue v. Johnson, 188 F.3d 250, 255 (5th Cir. 1999); United States v. Pena, 122 F.3d 3,4 (5th Cir. 1997); see Franklin v. Rose, 765 F.2d 82, 85 (5th Cir. 1985)(explaining liberal construction allows active interpretation of a pro-se pleading to encompass any allegation which may raise a claim for federal relief.) Flores will show this court based on ineffective assistance of counsel why Flores's sentence and conviction should be vacated.

### INEFFECTIVE ASSISTANCE OF COUNSEL

To show prejudice within the meaning of Strickland when alleged deficiency relates to a fourth amendment claim, petitioner must "prove that his Fourth Amendment claim is **meritorious** and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." See Kimmelmen v. Morrison, 477 U.S. 365, 375 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Flores alleges that the entire court proceeding's at every stage prior to plea, at the plea hearing, at sentencing, and at appellate level

1.

are completely empty that counsel attempted to raise a Fourth Amendment illegal search and seizure, coupled with the meritorious extended mental disorder issue[s]. Flores alleges that the allegations presented in his 2255 motion meet both prongs set forth in Strickland, as both cause and prejudice is certainly highlighted, as Counsel failed to be familiar with current Fifth Circuit precedent, that the circumstances in the precedent case cover and "shield" Flores from the notorious fourth amendment violation, which resulted in Flores sentence and conviction.

Defense counsel "is not required automatically to file a suppression motion in every case involving evidence or statement's obtained after a search; rather, counsel must use 'professional discretion in deciding whether there are sufficient grounds' for such motion." United States v. Aulet, 618 F.2d 182, 187-88 (2nd Cir. 1980).... However, Flores alleges that counsel never made [a]ny professional discretion in deciding whethere to file a suppression hearing motion, or maybe counsel simply was not aware of current fifth circuit precedent's the once that "shield" Flores of Trooper Kruger's fourth amendment violations, see, United States v. Dortch, 199 F.3d 193, 198 (5th Cir. 1999); Untied States v. Santiago, 310 F.3d 336 at 42 (5th Cir. 2002); United States v. Portillo-Aguirre, 311 F.3d 647, 656 (5th Cir. 2002). Certainly, if not for counsel ignorance of current fifth circuit case law, Flores verdict would have resulted in a different out-come, counsel deficient performance affected Flores substantial rights, as he was never given an opportunity to suppress the meritorious fourth amendment allegation caused by Trooper Kruger.....

## GROUND I.

Flores alleges that his counsel failed to move to suppress the evidence seized during a traffic stop: (1) Counsel failed to challenge the voluntariness of the consent, by using Flores's mental disorder's properly presented to the court could have been strong grounds to invalidate the consent given to Trooper Kruger. Flores was diagnosed prior to his 18th birthday while he was at the Texas Youth Center, see P.S.I. paragraph 60 that on February 21, 1997 at age of 15, that Flores was a psycho-

2.

pathic deviate, paranoia schizophrenia, and depression scales, conduct disorder, and polysubstance abuse, conduct disorder, an axis II diagnosis of personality disorder with antisocial [] border line traits was indicated with low average intellectual functioning. Counsels poor performance in failure to put together some sort of defense with all these factual mental disorder documents certainly affected the outcome of the overall court proceedings. Any normal average counsel would have seen the meritorious mental allegation, therein challenging the voluntariness of the consent at bar. Put together counsel failed to see that Flores is suffering from "diminished capacity", coupled with sexual abuse as a child. In the eye's of a prudent man Flores's consent is "INVALID", as the overwhelming evidence points unanimous to invalid consent...

(2) Counsel was also deficient in failure to argue that Trooper Kruger after he ran the computer check and it came back clear of any warrant's, and deviated his suspicion on the plates that were inside the vehicle as they also came back clear, at that point Trooper Kruger had no reasonable suspicion, nor probable cause to search the vehicle. Trooper Kruger never returned Flores's identification, registration, nor insurance, nor advised Flore's that he was free to [l]eave, see Dorth, 199 F.3d 193 (5th Cir. 1999); Santiago, 310 F.3d 336 at 42 (5th Cir. 2002); Portillo-Aguirre, 311 F.3d 647, 656 (5th Cir. 2002). In the cited cases any consent given after the computer check came back clear based on nervousness, not making eye contact, smell of air freshner, certainly does not rise to a level of reasonable suspicion, or probable cause. The Fifth Circuit has held that once a computer check is completed and the officer decides whether to issue a citation a detention must end, Santiago 310 F.3d 336, 341-42 (5th Cir. 2002); Dortch, 199 F.3d at 200; United States v. Portillo-Aguirre, 311 F.3d 647, 656 (5th Cir. 2002);(Citing United States v. Salzano, 158 F.3d 1107, 1113 (10th Cir. 1998)("Nervousness alone cannot support reasonable suspicion of criminal activity. This is because it is common for most people to exhibit signs of nervousness when confronted by a law enforcement officer whether or not the person is currently engaged

in criminal activity".))  The Fifth Circuit has given credence to this principal in in cases such as Santiago; Dortch, and Portillo-Aguirre, where the court found that mere "uneasy feelings", inconsistent stories, and other generic claims of nervousness are insufficient-by-themselfs-to support reasonable suspicion; Jackson, 517 F. Supp. 2d at 878...

Trooper Kruger did not have a positive alert of a drug detection dog to create probable cause for the extended search of the trunk panal's, see United States v. Williams, 365 F.3d 399, 404 (5th Cir. 2004), without a positive dog alert Trooper Kruger did not have probable cause to extend his archeaology search by dismantling the trunk panal carpet wall's for his personal gratification satisfaction, which violated Flores's fourth amendment of the united states constitution illegal search & seizure, resulting in the fruits of the "poisonous tree" doctrine.... Counsel's failure to see the crystal clear violation caused by Trooper Kruger, certainly, results in Flores not being provided his adequate Sixth Amendment right to an adequate attorney that should be prepared to detect the meritorious agrument suppressing the evidence illegally obtained, that fall under the fruit of the poisonous tree doctrine set out in Wong Sun v. United States, 371 U.S. 471, 484-88, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963)... The Dortch, Santiago; Portillo-Aguirre, are cases that give guidance to the court's regarding nervousness, contradiction of destination; not being included in rental contracts, smell of airfreshner,(Flores points out that most carwash places included air freshner as part of the deal), however alone does not rise to a level of reasonable suspicion, nor probable cause to search the vehicle.

Trooper Kruger fuelled [h]is suspicion of illegal activity based on the allegations of nervousness, not making eye contact, smell of air freshner, that the insurance was resently purchased; and a second pair of license plates were in the vehicle, however once Trooper Kruger completed the computer check as clear, all suspicion should have been diviated and at that point returned Flores's identification, registration, and insurance advicing Flores that he was free to depart. The allegation

4.

Trooper Kruger had at hand simply fall short to reasonable suspicion, or probable cause to search the vehicle, specially after the computer check was cleared of his suspicion prior to running the computer check.... Counsel deficient performance in failure to be familiar with the fifth circuit precedent that "shield" Flores from abusive police tactic's that violate the fourth amendment of the untied states constitution, that is illegal search and seizure.... Counsel's failure to argue [a]t the suppression hearing, that Trooper Kruger violated Flores's fourth amendment, once the computer check came back clear on Flores and the second set of plates [a]ny suspicion by Trooper Kruger should have been diviated, the extended detention of Flores violated his fourth amendment, as Flores never felt free to leave, because Trooper Kruger never returned his document's, just like in Dortch, Santiago; Portillo-Aguirre.

    The Fifth circuit has recognized that pursuant to an initial traffic stop, a police officer may (1) examine the driver's license and registration of the driver and vehicle, and run a computer check to investigate whether the driver has any outstanding warrants and if vehicle was stolen; (2) ask the driver to exit the vehicle; and (3) ask the driver and any passengers about the purpose and itinerary of their trip, including other unrelated questions. See generally Brigham, 383 F.3d at 508; United States v. Dorcth, 199 F.3d 193, 198 (5th Cir. 1999); Shabazz, 993 F.2d at 437.

    In Santiago at [310 F.3d at 342 5th Cir. 2002) Trooper Raley satisfied himself that the vehicle was not stolen and the the children had not been abducted once the the license and registration check came back negative. He stated that because Santiago's and Vasquez's nervousness and conflicting statements he intended to determine whether the vehicle contained narcotics or weapons. He than asked for and was given consent to search the vehicle. [the record does not reflect that Trooper Raley had returned Santiago's and Vasquez's driver's license and the vehicle registration. Dortch, 199 F.3d at 202 (noting similarly, that the fact that an officer had not

returned the defendants license and rental papers was a relevant factor as to the voluntariness of the consent)...

Counsel failed to argue that Flores's consent was no[t] an independent act of free will, Flores was not free to leave, nor did Trooper Kruger ever advice Flores that he was free to leave after the computer check came back negative, See <u>Lopez-Moreno</u>, 420 F.3d at 431, nor did Trooper Kruger return Flores's documents. (Noting illegal detention that continued until the time of consent meant that the first two factors weighed against consent being independent). See <u>United States v. Jones</u>, 234 F.3d 234, 243 (5th Cir. 2000); 2011 U.S. Dist. Lexis 58035 <u>United States v. Padilla</u>, May 24, 2011, consent was not valid, the search of the interior trunk wall panels, removing carpet wall's violated Flores fourth amendment...  Even if this Court determine's that Flores's consent to search was freely and voluntarily make, the extended archeaology self gratification urge by Trooper Kruger of searching [a] concealed compartment within the trunk, fall's short to the required probable cause search required to dismantle the trunk the way Trooper Kruger did, absent a positive trained dog alert Trooper Kruger fall's short, see <u>United States v. Williams</u>, 356 F.3d 399, 404 (5th Cir. 2004).

### CLOSING GROUND I.

Flores closes [h]is first ground alleging that counsel failed to argue that Flores's mental state certainly re[d] flags the voluntariness of consent, coupled with Trooper Kruger's self gratification curiosity vehicle search, after the computer check came back clear, never returned Flores's indentification, registration, and insurance, nor advised Flores that he was free to Depart... Flores alleges based on the meritorious fourth amendment violations at bar, this court in all things vacate both Flores's sentence and conviction, by granting an evidentiary hearing [t]o suppress all evidence seized during the traffic stop...

## GROUND II.

Counsel's failure to investigate into Flores's mental health was deficient under <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052. 80 L.Ed 2d 674 (1984). Flores "will demonstrate how his trial counsel failed to present crucial mitigating mental health factor[s] to the court, that a professional competent counsel would have pre-sented 'all of Flores's mental health issue's back-dating to when Flores was 12 years old... Flores assert's that "the defense lawyer's over-all preparation prior to the plea of guilt, at the sentencing phase, and at the absent direct appeal, "fell" below that expected of reasonable competent counsel [since t]he lawyer did not simply think about the mental health strategy for the sentencing phase, Flores alleges that he has proven the existence of both prongs set forth in <u>Strickland v. Washington,</u> test for ineffectiveness of counsel...

Turning to Strickland prejudice prong-- requiring Flores to "show that [he] was prejudiced by any failure to prepare"-- (1) Flores's mental health issues backdating to when he was 12 years old, he has resided in foster care since the age of 12 and was evaluated several times due to behavioral problems as a child. A neuropsychologist named Dr. Abraham J. Katz at the Texas Youth Center (TYC) in 1997 at the age of 15 diagnosed Flores to have psychopathic deviate, paranoia schizophrenia; depression with conduct disorder(s) (which falls under "diminished capacity"), and polysubstance abuse, low I.Q., and a learning disorder(s); coupled with sexual abuse as child... (2) Flores's history of alcohol and drug abuse was not presented during the sentencing phase; no neurologist witness during the sentencing phase... (3) Dr. Abraham J. Katz was not contacted to testify at sentencing for stratigic reasons, as the psychiatrist testimony would have painted a different portrait of Flores, certainly the volumes of mental history were omitted by counsel, which resulted in Flores not presenting a full mental evaluation to the court that well could have indicated that Flores has diminished capacity, that would include also at the time of the offense...

7.

Counsel was constitutionally ineffective prior to the plea at the plea, and at sentencing, and failed to file for a direct appeal, because counsel failed to conduct a reasonable investigation that would have revealed an alleged "diminished capacity". The establish ineffective assistance, a petitioner must show both incompetence and prejudice". (1) he must show that "counsel's representation fell below an objective standard of reasonableness," and (2) he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "Strickland v. Washington, 466 U.S. at 687-88, 694; accord Wiggins v. Smith, 539 U.S. 510, 521-22, 123 S.Ct. 2527, 156 L.Ed 2d 471 (2003); Williams, 529 U.S. at 390-91; Darden v. Wainwright, 477 U.S. 168, 185-87, 106 S.Ct. 2464 91 L.Ed. 2d 144 (1986)

Counsel failed to reasonably investigate Flores's mental state at the time of offense nor did counsel reasonably investigate the factual circumstance of the offense.. Yet the lawyer <u>did not order a psychiatric evaluation</u>, nor retreat Flores's mental health prior history. When a lawyer is on notice that his client may have mental health or drug problems, he does not offer reasonable representation if he fails to investigate those potentially mitigating circumstances. See Jennings, 290 F.3d at 1013-17. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty. 1 American Bar Association. Standards for Criminal Justice 4-4.1 (2d ed. 1982 Supp.)(emphasis added); see also Duncan, 528 F.3d at 1238 ("A defendant's admissions of guilt to his lawyer does not absolve the lawyer of his duty to investigate the crime.") ABA standards act "as 'guides to determining what is reasonable.' "Rompilla, 545 U.S. at 387 (quoting Wiggins v. Smith, 539 U.S. 510, 524, 123 S.Ct. 2527, 156 L. Ed 2d 471(2003)). A lawyer's duty to fully investigate the circumstances of a crime even when his client has admitted guilt...is especially pronounced in the death context, where consequences of the lawyer's inaction can be particularly severe..

Flores alleges that his counsel did not request for a "mental evaluation", because the federal government did not have the money to conduct the mental evaluation that Flores requested, however, Flores relies on the fifth circuit court of appeals, as it consider[s] three factors in deciding whether the trial court violated the defendant's due process right by failing <u>sua sponte</u> to hold a competency hearing: (1) evidence of the defendant's irrational behavior; (2) the defendant's demeanor during the court proceedings; and (3) prior medical opinion regarding the defendant's competence to stand trial. <u>Id</u>. Our analysis "focuses on what the trial court did in light of what it knew at the time of the tiral or plea hearing." <u>Id</u>. "Because legal competency is primary a function of [a] defendant's role in assisting counsel in conducting the defense, the defendant's attorney is the the best position to determine whether the defendant's competency is suspect." <u>Watts v. Singletary</u>, 87 F.3d 1282, 1288 (11th Cir. 1996)... Certainly Flores alleges that his counsel deficient performance in wrongfully advicing him that the federal government did not have money to conduct the very needed mental evaluation, definitely violates Flores's due process, which affected the overall court proceedings. Counsel's fatal advice precluded the very needed mental evaluation, which affected every possible defense strategy, resulting in a harsher sentence.

The district court must <u>sua[ ]sponte</u> conduct a hearing to determine a defendant's mental incompetence "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him to assist properly in his defense." 18 U.S.C. § <u>4241</u>(a). This court has concluded that the trial court must <u>sua sponte</u> conduct a competency hearing when the information known to the district court is "sufficient to raise a bona fide doubt regarding the defendant's competence." <u>Tiller v. Esponito</u>, 911 F.2d 575 (11th Cir. 1990). Section 4241(c) provides that the competency hearing must conform to the provisions of § 4247(d), which states that the defendant "shall be represented by counsel" and "shall be afforded an opportunity to testify, to present evi-

9.

dence, to subpoena witnesses on his behalf, and to confiant and cross-examine witnesses who appear at hearing." See 18 U.S.C. § 4241(c), 4247(d).   Flores allege's that his counsel and the court were aware of the mental issue's, as they paint and raise a [r]ed flag in Flores's P.S.I., however, those critical omissions on both counsel and the court resulted in Flores not getting the very needed mental evaluation affecting his due process as his medical needs were neglected, which affected Flores's substantial rights.

Counsel's omissions to highlight prior to the guilty plea, "the presence of mental illness [&] other mental disabilities at the time [Flores] entered his plea... Bolius v. Wainwright, 597 F.2d 986, 990 (5th Cir. 1979)... Counsel's omissions to the court of Flores's prior diagnosed with "diminished capacity" prior to Flores's 18th birthday while at the Texas Youth Center (TYC), precluded the district court from ordering a sua sponte mental evaluation to have a current evaluation at han[d]....

A defendant has a due process right not to be tried or convicted while incompetent, Drope v. Missouri, 420 U.S. 162, 171-72. 95 S.Ct. 896, 903-4, 43 L.Ed 2d 103 (1975). A defendant is incompetent if he lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." Medina v. Singletary, 59 F.3d 1095, 1106 (11th Cir. 1995).

Flores alleges that absent the mental evaluation counsel simply could not request a departure under U.S.S.G. § 5K2.13 authorizes a departure if "the defendant committed the offense while suffering from a significantly reduced mental capacity" that "contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13 Flores's inability to exercise the power of reason, and that [Flores is] subject to manipulation by others... Flores's neurological problems and that such problems in fact contributed to the commissions of the instant offense: Flores's diminished capacity significantly contributed to his commission of the offense, Flores was essentially a "delivery boy", Flores was under the influence of others when he committed the current offense.

## CLOSING GROUND II.

Flores sum's up ground II alleging that Counsel's deficient performance fell beyond reach of that of [a] normal competent counsel, as counsel's comissions precluded the court from properly analyzing Flores's mental state, which well could have triggered a U.S.S.G. § 5k2.13 departure. INstead counsel's deficient performance painted a "water down" version of Flores's mental history that did not move the court's eye brows, therein fore such reason's Flores request that this Court Vacate both the sentence and conviction; and order a mental evaluation so that the court could have a current mental evaluation, which could result in mitigating factor[s] to depart pursuant to U.S.S.G. § 5K2.13, absent the mental evaluation, "results in a Manifest injustice", affecting the overall court proceedings...

## 2255 RULE 8 EVIDENTIARY HEARING

Flores alleges that this Court should grant an evidentiary hearing to resolve the ineffectiveness issue's as a result of counsel's deficient performance, as the entire record is empty that counsel either attempted to suppress the seized evidence, nor attempted to retreat Flores's prior mental evaluation prior to his 18th birthday, nor attempted to contact Dr. Abraham J. Katz the neurologist at the Texas Youth Center (TYC) to fill in the gap in establishing "diminished capacity"...

## CONCLUSION

Flores pray's that this Honorable Court grant the 2255 motion, vacate both the sentence and conviction, order a mental evaluation, and hold a suppression hearing to resolve the alleged forth amendment violations....

Respectfully Submitted,

*Sergio Flores*
Sergio Omar Flores Pro-se
Reg. No. 41063-177
F.C.I. Phoenix
37910 N. 45th Ave.
Phoenix, Arizona, 85086

## CERTIFICATE OF SERVICE

I Sergio Omar Flores certifies that on this 14TH day of October, 2011 a true copy of the foregoing 28 U.S.C. § 2255 Motion was mailed to: Nancy Doherty, Clerk of Court P.O. Box, F-13240, Amarillo, Texas 79189.

*Sergio Flores*
Sergio Omar Flores Pro-se
Reg. No. 41063-177
F.C.I. Phoenix
37910 N. 45th Ave.
Phoenix, Arizona, 85086